corporation in 1918 and in 1919 as paid-in surplus from the dates paid.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LITTLETON: The taxpayer has failed to introduce any evidence tending to show that its correct invested capital for 1917, 1918, and 1919 was affected by failure of the Commissioner to include therein the amounts of the book entry setting up a liability against its stockholders. So far as we can determine from the evidence it appears that the Commissioner did not reduce the invested capital as reflected in its capital stock and surplus accounts but simply refused to allow the amounts claimed as additions to invested capital. The Board is of the opinion that the Commissioner's action was correct. Even if there existed an obligation on the part of the stockholders to repay the amounts to the corporation (which the evidence does not show that there was) this would be offset by the corporation's liability on the notes executed to the stockholders and discounted by them.

If the taxpayer's contention is that the Commissioner reduced invested capital by the amount of the alleged accounts receivable for money advanced during the period from 1903 to 1906, we can find no error in his action. Under such contention it would appear that the corporation borrowed money which it gave to its stockholders and which was invested by them for their personal benefit. There is no evidence to show that the stockholders were not entitled to a like amount as a distribution out of surplus. From the evidence before the Board it appears that collection of the accounts claimed as invested capital was barred by the statute of limitation of six years (Howell's Michigan Statutes, section 14135) and if, in fact, the amounts represented bona fide accounts receivable at the time they were advanced, they were valueless as an asset in 1917.

---

Appeal of CASPER RANGER CON-          Docket No. 1504.
STRUCTION CO.

Submitted March 29, 1925; decided April 6, 1925.

*R. L. Davenport, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

This appeal is from an asserted deficiency of $7,262.60, in income and profits taxes for the fiscal years ended March 31, 1918, and March 31, 1919. From the oral and documentary evidence, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a Massachusetts corporation with its principal office at 20 Bond Street, Holyoke, Massachusetts. It is engaged in the general contracting and construction business. The capital stock of the taxpayer is $75,000, evidenced by 750 shares of issued common stock of the par value of $100 each. This stock is closely held, and, at the time involved in this appeal, the stockholders of record with their stockholdings were as follows: · Joseph F. Ranger, 248 shares; William E. Ranger, 241 shares; James A. Ranger, 241 shares; and minority interests made up of employees of the corporation, 20 shares.

2. Beginning in 1915, the taxpayer paid premiums for insurance on the lives of its three principal stockholders above designated, which cumulatively totaled as follows: to March 31, 1916, $6,029.50; to March 31, 1917, $14,804.81; and to March 31, 1918, $24,427.29. The taxpayer is not a beneficiary under the policies.

3. The various amounts paid as premiums for insurance on the lives of the stockholders were accounted for on the books of the taxpayer under the heading of " Firm Insurance," and at the end of each fiscal year, down to and including the fiscal year ended March 31, 1918, the amounts so paid and accounted for were charged to profit and loss. After March 31, 1918, the amounts paid as premiums for such insurance were not charged off to profit and loss at the end of each fiscal year, but were treated as an accruing item from year to year.

4. In February, 1921, prior to any examination of its books by the Government, the taxpayer restored to surplus account all the amounts theretofore paid as premiums for insurance on the lives of its three principal stockholders, credited its profit and loss account with such amounts, and, at the same time, set up accounts receivable against the three principal stockholders, to which it charged all amounts that had previously been represented on its books under the heading of " Firm Insurance." The amounts so charged against the stockholders on such accounts receivable are not in proportion to the stockholdings of such stockholders.

5. Upon auditing the income-tax returns of the taxpayer for the fiscal years ended March 31, 1918, and March 31, 1919, the Commissioner refused to include the amounts of $6,029.50, $14,804.81, and $24,497.29, respectively, in the computation of the invested capital of the taxpayer for the fiscal years 1917, 1918, and 1919, and held that all the payments for alleged " Firm Insurance," heretofore specified, must be regarded as distributions of corporate surplus to the stockholders, and, as a result of such disallowance of invested capital, determined an additional tax liability of the taxpayer of $7,262.60. and so notified it in a deficiency letter mailed on December 15, 1924.

### DECISION.

In the light of the evidence offered at the hearing, the Board holds that the payments in question constituted distributions of surplus. The determination of the Commissioner is approved.